UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KYLE M. ROSS,<br><br>    Defendant. | Case No. 4:24-cr-00022-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Kyle Ross's Motion to Dismiss Indictment (Dkt. 39) and Motion to Continue to Hold in Abeyance (Dkt. 55). The Court does not find oral argument necessary in this situation and will forego the same. Upon review, and for the reasons set forth below, the Court DENIES both Motions.

## II. BACKGROUND

On January 23, 2024, a federal grand jury charged Ross in a single count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 2.

On February 21, 2024, Ross filed a Notice of Intent to Plead Guilty (Dkt. 18) and on March 28, 2024, he entered a plea of guilty to the charged conduct (Dkt. 22).

On May 9, 2024, a three-judge panel of the Ninth Circuit issued its decision in *United States v. Duarte*, holding that 18 U.S.C. § 922(g)(1) was unconstitutional unless a defendant's prior felony offense was "distinctly similar" to a Founding-era analogue

associated with severe punishment (such as execution, life imprisonment, or estate forfeiture) tantamount to a lifetime deprivation of Second Amendment rights. 101 F.4th 657, 689 (9th Cir. 2024). Five days later, the government filed a petition for rehearing en banc. The Ninth Circuit eventually granted the request.

In light of the Ninth Circuit's original holding in *Duarte*, Ross filed a Motion to Withdraw Plea of Guilty (Dkt. 36) and Motion to Dismiss Indictment (Dkt. 39). The Court granted Ross's Motion to Withdraw Guilty Plea a short time later. Dkt. 41.

The Government moved to hold Ross's Motion to Dismiss Indictment in Abeyance pending the outcome of the *Duarte* en banc panel. Dkt. 40. The Court ultimately granted that motion as well. Dkt. 50.

On May 9, 2025, the Ninth Circuit en banc panel issued its decision holding that 18 U.S.C. § 922(g)(1) is "not unconstitutional as applied to non-violent felons . . . ." *United States v. Duarte*, 137 F.4th 743, 749 (9th Cir. 2025) (en banc).

Ross then moved the Court to continue the prior abeyance until the mandate issued in *Duarte*. Dkt. 55. The Government opposed the Motion. Dkt. 56. The Court has not yet ruled on that motion.

In the intervening months, Duarte filed a petition for writ of certiorari with the United States Supreme Court. That was recently denied. *Duarte v. United States*, No. 25-425, 2026 WL 135692, at *1 (U.S. Jan. 20, 2026). Accordingly, the Ninth Circuit issued its mandate on January 30, 2026.

### III. ANALYSYS

The Court has communicated with Counsel regarding this matter. Ross recognizes

MEMORANDUM DECISION AND ORDER - 2

the Court must deny his Motion to Dismiss Indictment under the circumstances. As the Court has noted elsewhere, it fully agrees with the Ninth Circuit's holding in *Duarte*: § 922(g)(1) meets the test outlined in *Bruen,* is consistent with this Nation's historical tradition of firearm regulations, and is constitutional. What's more, because a "felony-by-felony" comparison is not required, the application of § 922(g)(1) is constitutional as to "all felons." *Duarte*, 137 F.4th at 761.

Therefore, consistent with the Ninth Circuit's holding, Ross's Motion to Dismiss Indictment is DENIED. Furthermore, because the mandate has now issued, Ross's Motion to Continue Abeyance is MOOT.

## IV. ORDER

1. Ross's Motion to Dismiss Indictment (Dkt. 39) is DENIED.
2. Ross's Motion to Continue to Hold in Abeyance (Dkt. 55) is denied as MOOT.
3. The Court will issue a new trial order shortly.

DATED: February 20, 2026

David C. Nye
U.S. District Court Judge